UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON HYCHE,
   Plaintiff,

vs.                                               Case No. 03-1197

DONALD SNYDER, et.al.,
   Defendants.

### ORDER

This cause is before the court for consideration of the plaintiff's motion to reconsider. [d/e 36]. It is not entirely clear from the plaintiff's motion, but it appears he is asking the court to reconsider the September 21, 2004 Court Order dismissing his case.

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff clearly did not provide his motion to prison officials within this time frame. Therefore, the court will consider this a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff's original complaint was filed pursuant to 42 U.S.C. §1983 and alleged that Defendants Illinois Department of Corrections Director Donald Snyder and Pontiac Correctional Center Warden James Schomig had violated his constitutional rights. The plaintiff's complaint was difficult to decipher, but basically he alleged that the defendants were taking too much money from his trust fund account to pay for pending court cases.

The court found that the plaintiff had failed to state a violation of his constitutional rights. The plaintiff had failed to state how either defendant had any personal knowledge of the trust fund deductions, and the plaintiff did not allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law. September 21, 2004 Court Order.

Most importantly, the court took judicial notice of five case filed by the plaintiff in the Central District of Illinois.  "There is no indication that the plaintiff has overpaid fees in any of his cases.  Too the contrary, the plaintiff still owes money in most of his cases." *Id.,* p. 2.

The plaintiff's motion appears in large part to be another attempt to state his claims.  Again, the plaintiff seems to be misinformed about his past cases.  For instance, he alleges that on June 20, 2001, this court ordered the Illinois Department of Corrections to remove fees in *Hyche v. Cristenson,* Case No. 97-1026 and *Hyche v. Wiliams,* 98-1057.  The court will take judicial notice of the fact that no such order was entered in either case.

The plaintiff also includes allegations that were not in his original complaint, which the court will not consider.  The plaintiff has failed to meet his burden pursuant to Federal Rule of Civil Procedure 60(b) and his motion to reconsider is denied.

**IT IS THEREFORE ORDERED that the plaintiff's motion for reconsideration pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure is denied. [d/e 36]**

Enter this _____day of March, 2007.


**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE