UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON HYCHE,
    Plaintiff,

vs.                                                           03-1197

DONALD SNYDER and
JAMES SCHOMIG,
    Defendants.

ORDER

    This cause is before the court for consideration of the plaintiff's motion to proceed *in forma pauperis* on appeal. [d/e 44]

    Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

    The plaintiff is appealing the court's March 6, 2007 order denying the plaintiff's motion for reconsideration. On April 26, 2007, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff has now submitted a brief which the court will consider.

    The plaintiff continues to argue that the defendants violated his constitutional rights when they took too much money from his trust fund account to pay for pending litigation. The plaintiff still argues that he paid his filing fees in full, but money continued to be taken from his trust fund account. As the court has repeatedly explained to the plaintiff, although he may have paid the initial filing fee in full, each time he filed an appeal another filing fee was owed. *See* September 21, 2004 Court Order and March 6, 2007 Court Order. There is no indication in the plaintiff's cases that he has overpaid fees in any case. *Id.*

    More importantly, even if the defendants did deduct too much money from his account, the plaintiff has failed to state a violation of his constitutional rights. *See* September 21, 2004 Court Order . The court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed *in forma pauperis* and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

    The Seventh Circuit has determined that if the district court certifies that an appeal is not

taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

**IT IS THEREFORE ORDERED that:**

**Plaintiff's motion for leave to appeal *in forma pauperis* is denied. [d/e 44].   Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   <u>The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>**

Enter this __20th_____day of June,  2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE